IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**KENNETH WRIGHT**                                                                                    **PLAINTIFF**

V.                                              **4:22CV1234 JM**

**EVANSTON INSURANCE COMPANY**                                                  **DEFENDANT**

### ORDER

Plaintiff's home sustained damage from a fire on December 31, 2016. The home was insured by the Defendant. Plaintiff submitted a claim for damage to the home as required by the terms of the policy (THE "Evanston policy"). On August 31, 2017, the Defendant denied the claim. Plaintiff filed suit for breach of contract in Pulaski County Circuit Court on August 30, 2022. The Defendant timely removed the case to this Court based upon diversity jurisdiction.

Plaintiff is a resident of Arkansas, and the Defendant has its principal place of business in Illinois. The declarations page attached to Plaintiff's complaint values the home at $414,060.00. Plaintiff seeks loss of the value of the home, loss of the value of the property located in or about the home, and loss of use of the home. The Court finds that the amount in controversy exceeds $75,000.00 and the Court has jurisdiction over the case.

The Defendant has filed a motion for judgment on the pleadings pursuant to Rule 12(c). Defendant contends that Plaintiff's suit is time barred as a matter of law because he failed to file suit within five years of the date of the fire. Plaintiff responds that his claim is not time barred because he filed suit within five years from the date the claim for breach of contract occurred pursuant to Ark. Code Ann. § 16-56-111.

Rules 12(c) of the Federal Rules of Civil Procedure authorizes a court to dismiss a claim on the basis of a dispositive issue of law. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). When

considering a motion for judgment on the pleadings under Rule 12(c), the court must accept as true all factual allegations contained in the complaint and all reasonable inferences from the complaint must be drawn in favor of the nonmoving party. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Young v. City of St. Charles, Mo*., 244 F.3d 623, 627 (8th Cir. 2001). In addition to the complaint, the court may consider matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint. *See Porous Media Corp. v. Pall Corp*., 186 F.3d 1077, 1079 (8th Cir. 1999).

The Evanston policy required a lawsuit to be filed within five years of the date of loss:

> **G. Suit Against Us**
>
> No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within five years after the date of loss.

(Policy, Ex. 1 at p. 40, ECF No. 10-1). It is undisputed that the fire occurred on December 31, 2016 and this lawsuit was filed on August 30, 2022, more than five years from the date of loss. Plaintiff argues that Arkansas law voids this provision of the policy.

Arkansas law states that an insured may file suit to recover on a claim under an insurance policy on property "at any time within the period prescribed by law for bringing actions on promises in writing." Ark. Code Ann. § 23-79-202(a). Any stipulation or provision in the policy requiring suit to be filed within any shorter time is void. *See* Ark. Code Ann. § 23-79-202(b). Arkansas law requires that actions to enforce written promises "shall be commenced within five (5) years after the cause of action shall accrue." Ark. Code Ann. § 16-56-111(a). Citing *Graham v. Hartford Life and Acc. Ins. Co.,* Plaintiff argues that his cause of action accrued when the Defendant denied his claim on August 31, 2017. *Graham,* 677 F.3d 801 (8th Cir. 2012).

In *Graham*, the plaintiff, Kenneth Graham, filed a claim for accidental dismemberment benefits under his life insurance policy after suffering a serious injury to his eyes. The insurer denied the claim. Graham filed suit against the insurer for breach of contract within five years of the accident. However, the policy provided that legal action must be commenced within three years of the date proof of loss is due. Graham argues that his suit was timely because he filed it with Arkansas's five-year statute of limitations for contracts. He also argued, like Plaintiff here, that the policy was void pursuant to Ark. Code Ann. § 23-79-202(b). The Eighth Circuit Court of Appeals found that the policy "impermissibly shortened the time for Graham to bring an action on his life insurance policy to something less than five years" and was therefore void. *Graham*, 677 F.3d at 804.

The Defendant argues that the Evanston policy does not shorten the time Plaintiff has to bring an action to something less than five years, it merely determines that the time of accrual of Plaintiff's cause of action is the date of loss, *i.e*, the date on which the fire occurred. In *Cameron Mut. Ins. Co. v. Lewellen*, the court noted that this kind of "shaving" is allowed by Arkansas law.

> This contract started the clock at the proof-of-loss date. This shaved, in essence, the amount of time actually available to sue: insureds have little or no incentive to sue before coverage is denied; that period is spent working with the company to try and receive payments on the loss. The Arkansas cases blessing parties' right to contract about coverage nonetheless seem to allow this kind of shave.

*Cameron Mut. Ins. Co. v. Lewellen*, 2014 WL 4662298, at *1 (E.D. Ark. Sept. 16, 2014). The court differentiated the *Graham* court's holding by explaining that the policy in *Graham* shortened the statute of limitations to three years in contravention of Arkansas public policy and the *Lewellen* policy did not.

The Court agrees with Judge Marshall's analysis in *Lewellen*. The Evanston policy does not shorten the statute of limitations in contravention of Arkansas public policy. It merely starts

the clock sooner. Plaintiffs have not cited, and the Court has not found, any authority supporting the argument that it is against Arkansas public policy for an insurance policy to define the claim accrual date as the date of the loss. Therefore, under the Evanston policy Plaintiff had five years from the date of the fire to file suit. Plaintiff failed to do so within that time and his claim is barred.

Defendant's motion for judgment on the pleadings (ECF No. 10) is GRANTED. The Clerk is directed to close the case.

IT IS SO ORDERED this 14th day of July, 2023.

James M. Moody Jr
United States District Judge